## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HARRIS L. WINNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-01195 (UNA) |
| | ) | |
| | ) | |
| DOUG TULIO[1] *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff, appearing *pro se*, has filed a complaint against the U.S. Postmaster General styled "Discrimination Complaint-Title VII" "Constitutional Violations" and "Defamation," ECF No. 1 (Caption), and an application to proceed *in forma pauperis* (IFP). For the following reasons, the court grants the IFP motion and dismisses the complaint.

In his prolix complaint, Plaintiff takes issue with another federal court's dismissal on res judicata grounds of his amended complaint against the Postmaster General "alleging various claims based on employment discrimination[.]" *Winns v. DeJoy*, 2025 WL 900425 at *1 (4th Cir. Mar. 25, 2025), *aff'g Winns v. DeJoy*, 2024 WL 5487335, at *8 (E.D.Va. Nov. 5, 2024). In that case, the U.S. District Court for the Eastern District of Virginia determined that "significant portions" of Plaintiff's complaint were identical to "those made in Plaintiff's original Complaint in his prior case in the Northern District of California," which was resolved against Plaintiff on summary judgment. *Winns*, 2024 WL 5487335, at *1 (citing *Winns v. DeJoy*, 2022 WL 16557614 (N.D. Cal. Oct. 31, 2022), *aff'd*, 2023 WL 9116591 (9th Cir. Jan. 8, 2023). The Eastern District

---

[1] By substitution pursuant to Fed. R. Civ. P. 25(d).

concluded that res judicata barred Plaintiff's claims and dismissed the amended complaint with prejudice. *Id.*, at *8.

Having no success in the Fourth and Ninth circuits, Plaintiff turns to this court seemingly to relieve him of the prior judgments.[2] *See* Compl. at 2 ("The Northern Dist. of California, the Ninth Circuit Court of Appeals, the Eastern District of Virginia and the Fourth Circuit Court of Appeals have all perhaps intentionally, devised or orchestrate[d] a plan of attack against Mr. Winns, what is simply referred to in Psychology as an Association Fallacy."); *id.* at 5 (identifying the Eastern District's November 5, 2024 order as the subject of review). But "one district court has no jurisdiction to review the decision of another district court," *Prentice v. U.S. Dist. Court for Eastern Dist. of Michigan, Southern Div.*, 307 F. App'x. 460 (D.C. Cir. Oct. 29, 2008) (per curiam) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995)), and "it seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action," *Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980). To the extent Plaintiff seeks to relitigate his claims against the Postmaster General, this court agrees that "res judicata bars Plaintiff's claims." *Winns*, 2024 WL 5487335, at *8. *See Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997) (since "res judicata belongs to courts as well as to litigants," a court may "consider the issue sua sponte") and *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment" is precluded when, as here, it involves a party to the first case); *see also Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 590 U.S. 405, 412 (2020) (res judicata or claim preclusion "prevents parties from raising

---

[2]  The instant complaint mostly mirrors in form and substance Plaintiff's appellate brief filed in the Fourth Circuit Court of Appeals. *See* Brief, 2024 WL 5207020.

issues that could have been raised and decided in a prior action—even if they were not actually litigated").  Therefore, this case will be dismissed by separate order.


_____/s/_____
AMIT P. MEHTA

Date:  June 26, 2025                                        United States District Judge